By the Court—Bosworth, Ch. J.
The testimony of the person who took out this policy, is that it “ was effected for the joint account of all concerned. That was the intention.”
On that state of facts, had there been no indorsement of the policy to Fowler by Stanton & Thompson, to whom by its terms the loss, if any, was to be paid; and had there been no transfer by the defendants of the policy to Fowler, and had the other part owners not accepted a transfer of other policies as being the policies effected to cover their interest; and had there been no appropriation of it by Stanton & Thompson, by the manner of keeping and rendering their accounts, an action on the policy must have been brought in the names of Stanton & Thompson, or in the names of all the part owners for whom it was taken, and who were insured by it. (21 Maine R., 111 ; 2 Arnould on Ins., 1250, note 2.)
William Forgay and John Connor each claim the ownership of one-third of this policy, and before this suit was commenced they brought an action upon it against the defendants, making Fowler a party, in which they claim to recover, severally, one-third of the sum insured by it. That action was pending and untried at the time this action was tried.
They were severally charged by Stanton & Thompson, in account current rendered to them from time to time, with one-third of the amount of the premium note given for the policy taken and continued in this Company, *342 including the policy in question, and with one-third of the charg-e for the policy in question. Fowler was in like manner charged with the other third.
If Stanton & Thompson, after having obtained policies for the joint account of all the part owners by whom they were instructed to insure, could, by subsequent acts, appropriate any one policy to the exclusive use of some of such part owners only, their action in the matter and manner of keeping, their accounts, would be strong evidence of their having made such an appropriation of this policy, before they indorsed and delivered it to the plaintiffs.
Their action would conclude themselves to the extent of their interests as part owners.
The premium note which the plaintiff was required to indorse before the defendants would transfer the policy to him, was for the sum of “ $938.75, due May 27,1858.”
The amount of the premium note charged in the account rendered to him, including the charge for the policy, was $250.41, in May, 1856; and $250.42, in May, 1857.
Hence, when the policy was indorsed to him by Stanton & Thompson, he had notice that it had not been effected on his own account alone; being for the sum of $9,375, and his interest in the insured valuation being only $3,125. And he had notice that such a premium note as was described in the account rendered to him had not been given, but one for a larger amount.
He might, nevertheless, very well have supposed, that the policy was taken out to cover his interest and that of S. Y. Peabody, unless he had previously seen the accounts rendered to him by Stanton & Thompson. It is not to be presumed that in these accounts rendered to Peabody, they charged him with any part of the premium note given for this policy, against proof of the whole amount having been charged to Fowler, Forgay.and Gonnor.
I see nothing in the testimony of Stanton, nor in the instructions, given to him and Thompson by either of the several part owners, as to the mode of insuring, which *343 would put it out of the power of Stanton & Thompson to satisfy their whole duty to either part owner by having at all times a policy ready to be delivered to him, issued by a responsible company, sufficient in amount and in proper form to cover and protect his interest.
Kor do I see any practical difficulty or objection to their appropriating the policies they procured for the benefit of some of the part owners, to the exclusion of other part owners.
If the accounts kept with and rendered to each part owner, charged him with the premium on a designated policy, as being the policy procured for him under the instructions which he had given, and if no two were charged with the same premium, so that distributing the policies as designated in such accounts, each part owner would be insured for his interest precisely, it is not obvious why this appropriation would not conclude the several part owners as between themselves.
There is, therefore, much reason for concluding that Forgay & Connor, may be in a condition to assert successfully a claim to two-thirds ownership of the policy, viz., one-third by each.
Ko determination of this suit can effect Forgay or Connor. Their rights, as well as the plaintiffs’, and also the rights of the administrator of Peabody, should be ascertained, in order to have a complete determination of the matters in controversy. (Code, § 122.)
The answer alleges that all the part owners for whom the policy was obtained, should be made parties; and names those who are claimed to be necessary parties.
If all, except Forgay & Connor, have, with such knowledge of the facts as will conclude them, received other policies as the policies to which they are entitled, and if Forgay, Connor, and the plaintiff assent to such appropriation, then such part owners are not necessary parties.
But whether it is not essential to make them parties, with a view to conclude them by allegation and proof of *344 the acts which are to estop them, is a question deserving of consideration.
Still if it should be conceded, that it is unnecessary to make them parties, it would not follow that the defendants have failed to sustain their plea in abatement.
Prior to the Oode, a plea in abatement of there being other joint promisers not made defendants, could not be sustained, if the evidence showed a greater or less number of joint promisers than the plea named. (24 Wend., 411 ; 2 Hill, 200.)
But in an action on contract, if there were too many or too few parties plaintiffs, a nonsuit followed as a matter of course. (1 Chitty on Pleadings, 14.)
The plea, in question, is a plea of the non-joinder of necessary parties plaintiffs, who are required to be the actual parties in interest, whether original promisers or not. I am inclined to think, in such a case, that proof that some of the persons named as joint owners, were such is sufficient to sustain the plea. Such a defect of proof presents a case of variance only. This, the Oode, requires the Oourt to disregard, unless it be shown that the plaintiff has been misled by it to his prejudice, in establishing his cause of action. Ho such proof was offered nor fact suggested.
The evidence establishes that other part owners of the vessel, were, as the principals for whom the policy was obtained, joint owners of it, and in judgment of law the persons to whom the defendants promises were made.
To the proper determination of a suit, brought by only one of such promisees, claiming to recover on the ground that the interest, of the other promisees has been extinguished, it is necessary to make them parties, especially when it is not alleged that such interest has been extinguished or transferred to the plaintiff by any act done by such other original promisees or with their knowledge or assent.
In this view there was a defect of parties, and the defect having been set up by answer and established by proof, *345 the complaint was properly dismissed at the trial and the defendants are entitled to judgment.
Judgment ordered accordingly.